UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PATRICIA GARRISON, | § |
| | § |
| Plaintiff, | § |
| | § CIVIL ACTION NO. H-11-2368 |
| VS. | § |
| | § |
| TEXAS SOUTHERN UNIVERSITY, | § |
| | § |
| Defendants. | § |

**MEMORANDUM AND ORDER**

Plaintiff Patricia Garrison brings this action against Defendant Texas Southern University alleging race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 to e-17. Pending before this Court is Defendant's Motion to Dismiss (Doc. No. 7). Upon considering Defendant's motion, the responses thereto, and the applicable law, the Court finds that Defendant's Motion to Dismiss must be denied. The Court grants Plaintiff leave to amend her Complaint to plead her discrimination and retaliation claims with more specificity.

**I.  BACKGROUND**

Plaintiff Patricia Garrison is the Assistant Dean of Academic Support at Texas Southern University's Thurgood Marshall School of Law ("Thurgood Marshall").[1] She was hired by former dean McKen Carrington in 2007, and was tasked with overseeing the operations of the Academic Support Program Department. (Pl. Compl. ¶ 5.) Ms. Garrison was a recent graduate of Thurgood Marshall, where she was on the Dean's list, won the law school's award for best brief, received five awards for her performance in law school

---

[1] In considering the Rule 12(b)(6) motion to dismiss, the Court accepts the factual allegations in a plaintiff's complaint as true. *Frame v. City of Arlington*, 575 F.3d 432, 433-34 (5th Cir. 2009). Thus, the Court pulls relevant facts from Plaintiff's Complaint ("Pl. Compl.") (Doc. No. 1).

1

courses, and won three statewide writing awards from the State Bar of Texas. (*Id.*) Ms. Garrison also had "decades of experience in the private sector." (*Id.*)

At Thurgood Marshall, Ms. Garrison "focused on developing new programs for the law school, such as skills and writing workshops." (*Id.* ¶ 6.) She coordinated the first year tutorial program, taught a bar essay writing course and an essay writing and reading workshop series, and coordinated and taught orientation, summer academic enrichment, and bar exam preparation workshops. (*Id.*) According to Ms. Garrison, her efforts led to an "increase [in] the bar passage rate by over 10 percent in three years' time." (*Id.* ¶ 8.) Ms. Garrison also worked closely with faculty and students, extending her office hours to serve students' needs. (*Id.* ¶ 7.) Dean Carrington recognized Ms. Garrison's hard work with two positive performance appraisals. (*Id.* ¶ 8.)

In September 2009, Dean Carrington was replaced by Dean Holley. According to Ms. Garrison, Dean Holley "quickly embarked on a campaign to make [Ms. Garrison's] life extremely difficult." (*Id.*) Ms. Garrison alleges that Dean Holley's campaign against her was based upon Ms. Garrison's race. Ms. Garrison is white.

Dean Holley "micromanage[d] every detail" of Ms. Garrison's work and "refuse[d] to give her the authority she need[ed] to do the job." (*Id.* ¶ 9.) For example, Ms. Garrison was not given a key to access the law school on weekends and holidays, though "other employees of color are provided keys." (*Id.* ¶ 15.) Further, instead of referring to Ms. Garrison by her assigned title of Assistant Dean, as he refers to Ms. Garrison's colleagues, Dean Holley has publicly referred to her as "director," which she believes sends a "strong message that he does not value either her or her accomplishments." (*Id.* ¶ 10.)

As a result of Dean Holley's actions, Ms. Garrison states that "she no longer teaches the bar essay class, no longer has input on the faculty curriculum committee, she no longer controls the bar assistance program, and she is not even permitted to send emails directly to the faculty clarifying her employees' working arrangements." (*Id.*) Ms. Garrison also alleges that Dean Holley withheld $5,000 in compensation, which she earned for teaching a course in the fall of 2009. (*Id.* ¶ 10.)

Beyond the actions taken directly toward Ms. Garrison, Dean Holley "has also made sure she does not have the staff support she needs to do her job." (*Id.* ¶ 11.) To that end, Dean Holley sat in on Garrison's interview of a prospective receptionist, even though he allows "every person of color at her level of authority" to initiate their own hiring processes. (*Id.* ¶ 15.) He also denied Ms. Garrison the right to evaluate the employees under her supervision and refused her request to fire a "seriously deficient employee." (*Id.* ¶ 11.) When Ms. Garrison and was out of the office on medical leave in 2010, Dean Holley hired support staff without consulting her. (*Id.* ¶ 11.)

Kris Krishna, one of the staff members hired by Dean Holley, had a number of performance deficiencies, "including his failure to be at work during business hours, his failure to complete assigned work, and his consistent disrespect of [Ms. Garrison] as a manager." (*Id.* ¶ 12.) Dean Holley told Ms. Garrison not to document these performance issues, because the Dean did not want to fire Mr. Krishna. Mr. Krishna is African-American. (*Id.*) In August 2010 Dean Holley approved Mr. Krishna for attendance at an out-of-state conference, indicating that "such perks should be a reward for hard-working employees." (*Id.* ¶ 13.) When Ms. Garrison questioned this decision, Dean Holley responded, "If

you do not wish to work for me, you have options, and I suggest you consider them." (*Id.* ¶ 14.)

According to Ms. Garrison, Dean Holley failed to hold African-American employees accountable on other occasions, as well. Charlotte Washington, Director of Communications, is one such employee. Ms. Garrison explains that Ms. Washington behaves unprofessionally and is often unreachable during normal school hours. On one occasion, Ms. Washington "verbally assaulted Garrison," then "stomped out of her office, screaming that she would not be talked down to." (*Id.* ¶ 14.) Though Ms. Garrison alerted Dean Holley to Washington's unprofessionalism, the Dean has done nothing to address the problem. (*Id.*)

Disturbed by the above occurrences, Ms. Garrison raised a complaint of discrimination, after which she alleges the school "moved quickly to make [her] situation even more difficult." (*Id.* ¶ 16.) The school "moved her compensation from the law school budget to a Title III budget…that must be approved each month." (*Id.* ¶ 16.) Ms. Garrison is the only Dean whose compensation is handled this way, and she alleges that it was an "obvious retaliatory move after she challenged discriminatory treatment." (*Id.* ¶ 16.) Ultimately, Dean Holley has given many of Ms. Garrison's duties to an African-American woman whom he pays $50,000 more per year than he was paying Ms. Garrison. (*Id.* ¶ 18.)

According to Ms. Garrison's Complaint, she "timely filed a charge of discrimination," and "has received a right to sue letter." (*Id.* ¶ 20.) Ms. Garrison alleges lost wages as well as compensatory damages for her injuries, which include mental anguish. Defendant Texas Southern University has moved to

4

dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(c), asserting that Ms. Garrison has failed to exhaust her administrative remedies, that she has failed to state any claims upon which relief can be granted, and that it is entitled to judgment on the pleadings.

## II.  ANALYSIS

### A.  Legal Standard

#### 1.  Dismissal Under Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss a case when the plaintiff fails to establish subject matter jurisdiction. A case is properly dismissed under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman v. Fed. Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998). Though Defendant's Motion to Dismiss does not specify the basis for its subject matter jurisdiction challenge, the Court understands this challenge to be based upon Plaintiff's purported failure to exhaust her administrative claims.

A Title VII plaintiff must exhaust administrative remedies by filing an administrative charge of discrimination with the EEOC. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). There is a split of authority within the Fifth Circuit as to whether Title VII's exhaustion requirement "is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject

matter jurisdiction." *Pacheco v. Mineta*, 448 F.3d 783, 788 n. 7 (5th Cir. 2006).[2] If subject matter jurisdiction were implicated, then Rule 12(b)(1) would provide an appropriate ground for dismissal.

While the jurisdictional implications of the exhaustion requirement are unsettled, both the Supreme Court and the Fifth Circuit have held that filing deadlines are not jurisdictional. *See id.* (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Coke v. Gen. Adjustment Bureau*, 640 F.2d 584, 595 (5th Cir. 1981)). In *Zipes*, the Supreme Court explained that the time limit for filing a "charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." 455 U.S. at 393; *see also Hood v. Sears Roebuck and Co.*, 168 F.3d 231, 232 (5th Cir. 1999) ("This time limit operates as a statute of limitations.").

### 2. Dismissal Under Rule 12(b)(6)

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must contain sufficient factual matter that, if it were accepted as true,

---

[2] Different Fifth Circuit panels have reached differing conclusions on the issue. *Compare Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (finding that exhaustion is a condition precedent), *with Garret v. Judson Indep. Sch. Dist.*, 299 Fed. App'x 337, 344 (5th Cir. 2004) (finding that exhaustion is jurisdictional prerequisite).

would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim need not give rise to "probability," but need only plead sufficient facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A pleading also need not contain detailed factual allegations, but must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

While the court must accept well-pleaded facts as true, *Iqbal*, 129 S. Ct. at 1950, it should neither "strain to find inferences favorable to the plaintiffs" nor "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). The court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### 3. Dismissal Under Rule 12(c)

A court may hear a party's motion for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). The standard for deciding a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim.

## B. Discussion
### 1. Exhaustion of Discrimination and Retaliation Claims

The Defendant has moved to dismiss Plaintiff's discrimination and retaliation claims under Rule 12(b)(1) on the basis that Plaintiff failed to properly exhaust these claims.

### a. Discrimination Claim

Defendant's argument that Plaintiff failed to exhaust her discrimination claim is based upon a missed filing deadline. Because filing deadlines do not implicate the Court's subject matter jurisdiction, the Court considers this portion of Defendant's Motion under Rule 12(b)(6) rather than Rule 12(b)(1).[3]

For the purpose of Title VII exhaustion, filing deadlines are akin to statutes of limitation, and dismissal under Rule 12(b)(6) is appropriate "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Thus, dismissal is only appropriate here if (1) it is evident from Plaintiff's Complaint that she did not file a charge of discrimination within the prescribed time frame, and (2) her Complaint does not present a basis for an exception such as equitable tolling.

In Plaintiff's Complaint, she states that she is owed $5,000 for a course that she taught in the fall of 2009. She also states that she "timely filed a charge of discrimination." (Pl. Compl. ¶ 20.) Defendant argues that Plaintiff's EEOC charge did not take place within the three hundred day period required under Title VII.[4] Defendant provides the Court with a copy of Plaintiff's EEOC charge, filed on October 22, 2010, in an effort to demonstrate that more than three hundred days passed between the end of fall

---

[3] *See, e.g.*, *Booker v. Holder*, 2009 WL 4432689 at *4 (S.D. Tex. Nov. 17, 2009).
[4] In states such as Texas that have an administrative agency with the authority to address complaints of employment discrimination, the relevant period under 42 U.S.C. § 2000e-5(e)(1) is 300 days. *See Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998).

8

courses in December 2009 and the filing of Plaintiff's EEOC charge in October 2010. In her Response, Plaintiff explains that the fact that the course ended in December is immaterial. What matters, Plaintiff contends, is when she expected to be paid for teaching the course. According to Plaintiff, Defendant "never paid for such courses until at least the following month – January." (Doc. No. 9, at 3.) Plaintiff's EEOC charge was filed "within 300 days of the first of January." (*Id.*)

While the Court agrees that the relevant date in this case is the date of expected payment, Plaintiff's Complaint fails to provide crucial facts regarding timing. The Complaint does not indicate when compensation for the fall course was expected, nor does it specify when Plaintiff's administrative charge was filed. Because it appears that Plaintiff did file a charge of discrimination with the EEOC which may have been within the relevant time frame, the Court gives Plaintiff leave to amend her Complaint to offer facts to that effect.[5] Defendant's Motion to Dismiss on the basis that Plaintiff failed to timely exhaust her discrimination claim is therefore denied. If, after examining Plaintiff's amended complaint, Defendant still contends that Plaintiff's EEOC charge was not timely filed, Defendant may move to dismiss at that time.

### b. Retaliation Claim

Defendant argues that Plaintiff failed to exhaust her retaliation claim. The argument here is not that the Plaintiff missed a filing deadline, but rather that her EEOC charge did not include a claim for retaliation at all. While the Fifth Circuit is split as to whether such a failure to exhaust should be considered a jurisdictional issue implicating

---

[5] Federal Rule of Civil Procedure 15(a) requires that "leave [to replead] shall be freely given when justice so requires."

9

Rule 12(b)(1), the Court need not resolve that question here, as it is clear that Plaintiff was not required to exhaust her retaliation claim.

Defendant argues that Plaintiff's retaliation claim must be dismissed because she failed to mention retaliation in her EEOC charge. Defendant cites *Bouvier v. Northtrup Grumman Ship Systems, Inc.*, 2009 WL 3444765 at * 3 (5th Cir. Oct. 26, 2009), for the proposition that failure to include a retaliation claim in an EEOC charge mandates the dismissal of such a claim for failure to exhaust administrative remedies. Defendant's argument overlooks the key difference between *Bouvier* and this case: there, the alleged retaliation had taken place before the plaintiff filed her administrative charge; here, the alleged retaliation took place *as a result of* Plaintiff's EEOC charge.

In the Fifth Circuit, "[t]he scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Thomas v. Texas Dept. of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000). It is therefore "unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." *Gupta v. East Texas State University*, 654 F.2d 411, 414 (5th Cir. 1981). Because the Plaintiff in this case alleges that Defendant's retaliation occurred "after [she] raised a complaint of discrimination," she has sufficiently stated that her retaliation claim grew out of her discrimination charge. Thus, Defendant's Motion to Dismiss Plaintiff's retaliation claim based upon her failure to exhaust administrative remedies must be denied.

### 2. Pleading of Adverse Actions

The Defendant has also moved to dismiss Plaintiff's claims on the basis that Plaintiff fails to plead adverse actions giving rise to claims for discrimination or retaliation.

### a. Discrimination Claim

In order to state a claim for discrimination under Title VII, a plaintiff must allege (1) that she is a member of a protected class; (2) that she was qualified; (3) that she suffered an adverse employment action; and (4) that others outside the protected class were treated more favorably. *Alvarado v. Texas* Rangers, 492 F.3d 605, 611 (5th Cir. 2007) (citing *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir. 2006)). Defendant asserts that Plaintiff fails to plead the third element—an adverse employment action. Defendant apparently agrees that Plaintiff's alleged loss of compensation would qualify as an adverse action under Title VII (Doc. No. 7, at 5), but assumes that this Court would dismiss that claim for failure to timely exhaust. Assuming the dismissal of the loss of compensation claim, Defendant argues that Plaintiff's Complaint does not allege a qualifying adverse action. Because the Court denied Defendant's Motion to Dismiss the loss of compensation claim on exhaustion grounds, it need not consider whether Plaintiff pleads other adverse actions giving rise to a claim for discrimination. In order to state a claim, she needs only one. Thus, Defendant's Motion to Dismiss for failure to plead an adverse action must be denied.

### b. Retaliation Claim

To state a claim for retaliation under Title VII, a plaintiff must show (1) that she "engaged in a protected activity; (2) that an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse action." *Pineda v.*

11

*United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004) (citing *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002)). Defendant argues that Plaintiff's Complaint fails to allege the first and the third elements of a retaliation claim.

Defendant argues that Plaintiff does not allege a protected activity because her Complaint does not state that she complained about discrimination to a University official. Defendant misinterprets Title VII's protected activity requirement. A complaint to an employer is not the only activity protected by Title VII; rather, it is well established that filing an EEOC charge is a protected activity under 42 U.S.C. § 2000e-3(a). *See, e.g.*, *Jones v. Robinson Property Group*, 427 F.3d 987, 995 (5th Cir. 2005). The Defendant has attached a photocopy of Plaintiff's EEOC charge to its Motion to Dismiss (Doc. No. 7, Ex. 1), thereby providing the Court with clear evidence of Plaintiff's protected activity.[6] As Plaintiff clearly engaged in protected activity, the Court must deny Defendant's Motion to Dismiss on the basis that the Complaint fails to plead a protected activity.

The Defendant also asserts that Plaintiff fails to plead a causal connection between the protected activity and the adverse action, because the Complaint does not suggest that the decision makers had any knowledge of Plaintiff's EEOC charge. The only apparent connection Plaintiff alleges between her charge of discrimination and the allegedly retaliatory activity is temporal; she states that, after she raised a complaint of discrimination, TSU "moved quickly to make [her] situation even more difficult." (Pl. Compl. ¶ 16.) The Fifth Circuit has held that temporal proximity between a protected act and an adverse employment action satisfies the causal link requirement. *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001). However, without any facts to support

---

[6] The Fifth Circuit has held that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

12

Plaintiff's statement that TSU moved "quickly" after she complained of discrimination, the Court cannot infer temporal proximity. If Plaintiff can allege facts indicating a causal link, she must do so with more specificity than she has done here. Accordingly, Plaintiff is instructed to amend her Complaint to indicate when the alleged retaliatory actions occurred in relation to Plaintiff's protected activity, or, alternatively, to provide facts which suggest Defendant's knowledge of her EEOC charge. If Plaintiff fails to amend to include such allegations, her retaliation claim will be dismissed.

### III. CONCLUSION

Defendant Texas Southern University's Motion to Dismiss (Doc. No. 7) is **DENIED**. Plaintiff is instructed to file an amended complaint within twenty (20) days indicating (1) when Plaintiff expected payment for the fall 2009 course; (2) when and with whom Plaintiff filed her charge of discrimination; and (3) any facts which demonstrate a causal connection between Plaintiff's protected activity and Defendant's alleged retaliation.

**IT IS SO ORDERED**.

**SIGNED** this 21st day of September, 2011.

_Keith P. Ellison_
_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE