UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIA GARRISON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-11-2368 |
| v. | § | |
| | § | |
| TEXAS SOUTHERN UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Reconsideration, to Alter or Amend Judgment ("Motion"). (Doc. No. 60.) After considering this Motion, the response, and the applicable law, the Court finds that the Motion must be **DENIED**.

### I. BACKGROUND

The Court has outlined the relevant facts in its prior Memorandum and Order (Doc. No. 57), and will not repeat them here.

Plaintiff Patricia Garrison ("Plaintiff" or "Garrison") brings this action against Defendant Texas Southern University ("Defendant" or "TSU") alleging race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 to e-17. In its recent Memorandum and Order (Doc. No. 57), the Court denied Defendant's Motion for Partial Summary Judgment on the issue of race discrimination. Defendant now asks the Court to reconsider this decision.

I.  **LEGAL STANDARD**

Because the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004), such motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order. *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, 2011 WL 6091807, at *5 (S.D. Tex. Dec. 7, 2011); *In re BP Shareholder Derivative Litig.*, 2011 WL 5880946, at *2 (S.D. Tex. Nov. 23, 2011). The Court granted multiple extensions of this deadline upon the agreement of the parties, and thus considers this Motion to be timely filed under Rule 59(e).

A motion to alter or amend under Rule 59(e) "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A district court has "considerable discretion" to grant or deny a motion under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

## II.   ANALYSIS

This Court denied Defendant's Motion for Partial Summary Judgment (Doc. No. 57) because it found that there were at least two genuine issues of material fact. The first is whether there was an adverse employment action in the form of decreased compensation. That is, whether the $5,000 Plaintiff claims she was denied was a bonus or part of a salary. The second issue is whether the removal of certain of Plaintiff's duties rises to the level of a demotion, an adverse employment action.

Defendant does not address the first issue of decreased compensation. As for the second issue of demotion, Defendant merely repeats arguments it made in its Motion for Partial Summary Judgment on the issue of race. (Doc. No. 32.) Defendant does not raise any newly discovered evidence or convince the Court that there has been a manifest error of law. Therefore, Defendant's Motion must be denied.

## III.   CONCLUSION

For the reasons explained above, Defendant's Motion for Reconsideration, to Alter or Amend Judgment (Doc. No. 60) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 22nd day of January, 2013.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE